**PANISH, SHEA & BOYLE, LLP**
LAWYERS
11111 SANTA MONICA BOULEVARD. SUITE 700
LOS ANGELES. CALIFORNIA 90025
TEL: (310) 477-1700
FAX: (310) 477-1699
BRIAN J. PANISH, STATE BAR NO. 116060
ADAM K. SHEA, STATE BAR NO. 166800
KEVIN R. BOYLE, STATE BAR NO. 192718

Attorneys for ___Plaintiff___

FILED
(SPACE BELOW FOR FILING STAMP ONLY)
08 FEB -1 PM 2: 41
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___CP___          DEPUTY

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

MITCHELL EGGERS, an individual,

                    Plaintiff,

          v.

CAMPAGNOLO NORTH AMERICA, INC., a corporation, B&L BIKE AND SPORTS, INC., a corporation, and DOES 1 through 10, Inclusive,

                    Defendants.

CASE NO. '08 CV 0198 JM LSP

1. **NEGLIGENCE (PRODUCTS LIABILITY)**
2. **STRICT PRODUCTS LIABILITY**
3. **BREACH OF EXPRESS AND IMPLIED WARRANTY**
4. **FALSE REPRESENTATION**
5. **FAILURE TO WARN**

**DEMAND FOR JURY TRIAL**

          COME NOW Plaintiff MITCHELL EGGERS, individually, and for causes of action against Defendants CAMPAGNOLO NORTH AMERICA, INC., a corporation, B&L BIKE AND SPORTS, INC., a corporation, and DOES 1 through 10, Inclusive, and each of them, complains and alleges as follows:

//

//

//

1822.0C

ORIGINAL

1

## JURISDICTION

2

3  1.    This Court has original jurisdiction under 28 USC § 1332 in that this is a

4  civil action between citizens of different states in which the amount in controversy

5  exceeds, exclusive of costs and interest, seventy five thousand dollars ($75,000.00).

6

7  2.    Plaintiff, MITCHELL EGGERS, at all relevant times was, and is, a resident

8  of the City of Austin, State of Texas.

9

10  3.    Plaintiff is informed and believes, and thereon alleges, that at all times

11  mentioned herein, Defendant CAMPAGNOLO NORTH AMERICA, INC., was and

12  is a corporation, authorized to do business and doing business in the City of

13  Carlsbad, County of San Diego, State of California.

14

15  4.    Plaintiff is informed and believes, and thereon alleges, that at all times

16  mentioned herein, Defendant B&L BIKE AND SPORTS, INC., was and is a

17  corporation, authorized to do business and doing business in the City of Solana

18  Beach, County of San Diego, State of California.

19

20

## VENUE

21

22  5.    Venue is proper in the Southern District of California in that Defendants

23  CAMPAGNOLO NORTH AMERICA, INC., and B&L BIKE AND SPORTS, INC.,

24  are subject to personal jurisdiction in this District at the time the action is being

25  commenced, and a substantial part of the acts, events or omissions giving rise to the

26  claims alleged herein occurred in this District. (28 USC § 1391).

27  //

28  //

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

**GENERAL ALLEGATIONS**

6.     On or about May 10, 2007 at approximately 1:00 p.m., Plaintiff MITCHELL EGGERS (hereafter "Plaintiff") was riding his 2006 Serotta Ottrott road racing bike (hereafter "Subject Product") he purchased from Defendant B&L BIKE AND SPORTS, INC. for approximately $8,000.00. While riding in a reasonable and foreseeable manner the right Campagnolo chorus pedal axle of the Subject Product suddenly and unexpectedly broke loose causing Plaintiff to violently fall to the pavement suffering serious and permanent injuries.

7.     The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to plaintiffs as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint and state the true names and/or capacities of said fictitiously named Defendants when the same have been ascertained.

8.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants CAMPAGNOLO NORTH AMERICA, INC., B&L BIKE AND SPORTS, INC., and DOES 1 through 10, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-Defendants, and each was, as such, acting within the course, scope and authority of said agency, employment and/or venture, and that each and every Defendant, as aforesaid, when

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

1  acting as a principal, was negligent in the selection and hiring of each and every

2  other Defendant as an agent, employee and/or joint venturer.

3

4  9.    Plaintiff is informed and believes, and thereon alleges, that at all times

5  mentioned herein, said Subject Product was manufactured, designed, assembled,

6  compounded, tested, inspected, packaged, labeled, fabricated, constructed,

7  analyzed, controlled, stored, distributed, serviced, merchandised, recommended,

8  advertised, promoted, marketed and sold by Defendants CAMPAGNOLO NORTH

9  AMERICA, INC., B&L BIKE AND SPORTS, INC., and DOES 1 through 10,

10  inclusive (hereafter "Defendants"), and each of them, with the consent, knowledge,

11  permission and or instruction of each of said Defendant, and each of them.

12

13  **FIRST CAUSE OF ACTION**

14  **(Negligence (Products Liability) As Against  Defendants**

15  **CAMPAGNOLO NORTH AMERICA, INC., B&L BIKE AND SPORTS, INC.**

16  **and DOES 1 through 10, Inclusive)**

17

18  10.    Plaintiff re-alleges and incorporates herein by reference each and every

19  allegation and statement contained in the prior paragraphs.

20

21  11.    Plaintiff is informed and believes, and thereon alleges, that at all times

22  herein mentioned, Defendants, and each of them, were engaged in the business of

23  manufacturing, designing, assembling, compounding, testing, inspecting,

24  packaging, labeling, fabricating, constructing, analyzing, controlling, storing,

25  distributing, warning, supplying servicing, merchandising, recommending,

26  advertising, promoting, supplying, marketing, warranting, leasing, renting, buying,

27  selling and providing various models of bicycles including the Subject Product and

28

PANISH, SHEA & BOYLE, LLP
1111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

– 4 –
COMPLAINT

its component parts and constituents, to be used by members of the general public. Defendants, and each of them, had a duty to act reasonably in doing said activities.

12.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the Subject Product was of such a nature that it was manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, controlled, stored, distributed, serviced, merchandised, recommended, advertised, promoted, marketed warranted, leased, rented, and sold in an unreasonable manner and that the warnings and instructions provided with the product, if any, were not reasonable, or the lack of warnings was not reasonable, and as such, Defendants, and each of them, breached their duty to act reasonably.

13.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, carelessly, negligently and recklessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, controlled or failed to control, stored, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold the said Subject Product and its component parts and constituents, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended when used as recommended by the said Defendants, and each of them, and as a direct and proximate result of Defendants' said misconduct, Plaintiff suffered the damages alleged herein.

//

//

//

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

14.    Plaintiff is informed and believes and thereon alleges, that Defendants, and each of them, knew or should of known that the Subject Product was in a dangerous and defective condition as a result of Defendants careless and negligent conduct, yet Defendants still put the Subject Product into the stream of commerce.  Plaintiff is further informed and believes, and thereon alleges, that as a result of the Defendants' said negligent and reckless conduct, the Subject Product was not appropriate for the use and purpose for which it was intended, and that it was likely to injure the person or persons by whom it was used.  Further, the said defective and dangerous condition of the Subject Product was not made known to Plaintiff.

15.    As a direct and proximate result of the conduct of the Defendants, and each of them, as aforesaid, Plaintiff was injured and hurt in his health, strength and activity, sustaining injuries to his body, and shock and injury to his nervous systems and person, all of which said injuries have caused and continue to cause the Plaintiff great physical, mental and nervous pain and suffering.  Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some permanent disability, all to his general damages in an amount which will be stated according to proof, which amount is in excess of Seventy-Five Thousand Dollars ($75,000.00).

16.    As a direct and proximate result of the conduct of the Defendants, and each of them, as aforesaid, the Plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that by reason of his injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the

1822.0C

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1  future, the exact amount of which expenses will be stated according to proof at time
2  of trial.

3

4  17.    As a direct and proximate result of the conduct of the Defendants, and each
5  of them, as aforesaid, Plaintiff was prevented from attending to his usual
6  occupation, and Plaintiff is informed and believes, and thereon alleges, that he will
7  thereby be prevented from attending to his usual occupation for a period of time in
8  the future, and thereby will also sustain a loss of earning capacity, in addition to lost
9  earnings, past, present and future; the exact amount of such losses is unknown to
10 Plaintiff at this time, and when said amounts are ascertained, Plaintiff will ask leave
11 of court to amend this Complaint and allege said amounts according to proof at time
12 of trial.

13

14 18.    As a direct and proximate result of the conduct of the Defendants, and each
15 of them, as aforesaid, Plaintiff's property was damaged, and Plaintiff has thereby
16 sustained property damage in an amount as yet unascertained, and other economic
17 damage as a result of the property damage, and when said amounts are ascertained,
18 Plaintiff will ask leave of court to amend this Complaint and allege said amounts,
19 according to proof at time of trial.

20

21                     **SECOND CAUSE OF ACTION**
22             **(Strict Products Liability As Against  Defendants**
23 **CAMPAGNOLO NORTH AMERICA, INC., B&L BIKE AND SPORTS, INC.**
24                    **and DOES 1 through 10, Inclusive)**

25

26 19.    Plaintiff re-alleges and incorporates herein by reference each and every
27 allegation and statement contained in the prior paragraphs.

28

1822.0C

–7–
COMPLAINT

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

20.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, controlled, stored, distributed, serviced, merchandised, recommended, advertised, promoted, marketed warranted, leased, rented, and sold  the Subject Product, and warned or failed to warn, and instructed or failed to instruct, anticipated users of the Subject Product, concerning use of the product and its parts.

21.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, the Subject Product, which caused the injuries and damages complained of herein, was defective when placed on the market by Defendants, and each of them, and was of such a nature that the defects would not be discovered in the normal course of inspection and operation by users thereof.

22.    Plaintiff, is informed and believes, and thereon alleges, that on or about May 10, 2007when the incident giving rise to this lawsuit occurred, the Subject Product was being operated by Plaintiff in a reasonably foreseeable manner. Specifically, on May 10, 2007 at approximately 1:00p.m., Plaintiff was riding the bike in a reasonable and foreseeable manner when the right Campagnolo chorus pedal axle of the Subject Product suddenly and unexpectedly broke loose causing Plaintiff to violently fall to the pavement suffering serious and permanent injuries.

23.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the Subject Product, was defective in design, testing, development, manufacture, fabrication, assembly, package, construction, analysis, distribution, inspection, service, repair, marketing, promotion, warranting, and/or modification, and the warnings and instructions, if any, were defective and inadequate, in that the Subject Product was capable of causing, and did cause, personal injuries to the

1822.0C

1  ordinary users thereof while being used in a reasonably foreseeable manner, thereby

2  rendering the Subject Product defective, unsafe, and dangerous for use by the users

3  thereof.

4

5  24.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

6  mentioned, the Subject Product, was defective in design, testing, development,

7  manufacture, fabrication, assembly, distribution, warnings, instructions, inspection,

8  service, repair, marketing, and/or modification, and said defects in the Subject

9  Product legally and proximately caused the injuries and damages which Plaintiffs

10  complains of herein.

11

12  25.     As a direct and proximate result of the conduct of the Defendants, and each

13  of them, as aforesaid, Plaintiff was injured and hurt in his health, strength and

14  activity, sustaining injuries to his body, and shock and injury to his nervous systems

15  and person, all of which said injuries have caused and continue to cause the

16  Plaintiff great physical, mental and nervous pain and suffering.  Plaintiff is

17  informed and believes, and thereon alleges, that said injuries will result in some

18  permanent disability, all to his general damages in an amount which will be stated

19  according to proof, which amount is in excess of Seventy-Five Thousand Dollars

20  ($75,000.00).

21

22  26.     As a direct and proximate result of the conduct of the Defendants, and each

23  of them, as aforesaid, the Plaintiff was compelled to and did employ the services of

24  hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and

25  did incur hospital, medical, professional and incidental expenses, and Plaintiff is

26  informed and believes, and thereon alleges, that by reason of his injuries, Plaintiff

27  will necessarily incur additional like expenses for an indefinite period of time in the

28

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

-9-
COMPLAINT

1    future, the exact amount of which expenses will be stated according to proof at time
2    of trial.

3

4    27.    As a direct and proximate result of the conduct of the Defendants, and each
5    of them, as aforesaid, Plaintiff was prevented from attending to his usual
6    occupation, and Plaintiff is informed and believes, and thereon alleges, that he will
7    thereby be prevented from attending to his usual occupation for a period of time in
8    the future, and thereby will also sustain a loss of earning capacity, in addition to lost
9    earnings, past, present and future; the exact amount of such losses is unknown to
10   Plaintiff at this time, and when said amounts are ascertained, the Plaintiff will ask
11   leave of court to amend this Complaint and allege said amounts according to proof
12   at time of trial.

13

14   28.    As a direct and proximate result of the conduct of the Defendants, and each
15   of them, as aforesaid, Plaintiff's property was damaged, and Plaintiff has thereby
16   sustained property damage in an amount as yet unascertained, and other economic
17   damage as a result of the property damage, and when said amounts are ascertained,
18   Plaintiff will ask leave of court to amend this Complaint and allege said amounts,
19   according to proof at time of trial.

20

21                       **THIRD CAUSE OF ACTION**
22            **(Breach of Express and Implied Warranties By Plaintiff**
23         **As Against All Defendants, including DOES 1 through 10, Inclusive)**

24

25   29.    Plaintiff re-alleges and incorporates herein by reference each and every
26   allegation and statement contained in the prior paragraphs.
27   //
28   //

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

30.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, expressly and/or impliedly warranted to Plaintiff, and to that class of people who would normally be expected to use and/or operate that the Subject Product, that the Subject Product was of merchantable quality and production, free from design and manufacturing defects, and safe for the use for which it was intended.

31.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, breached the above-described express and/or implied warranties, in that the Subject Product was not of merchantable quality and production, was not free from design and manufacturing defects, and was not safe for the use for which it was intended.

32.    Plaintiff is informed and believes, and thereon alleges, that on or about May 10, 2007when the incident giving rise to this lawsuit occurred, the Subject Product was being operated by Plaintiff in a reasonably foreseeable manner.  Specifically, on May 10, 2007 at approximately 1:00p.m., Plaintiff was riding the bike in a reasonable and foreseeable manner when the right Campagnolo chorus pedal axle of the Subject Product suddenly and unexpectedly broke loose causing Plaintiff to violently fall to the pavement suffering serious and permanent injuries.

33.    As a direct and legal result of the breach by Defendants, and each of them, of the above-described express and/or implied warranties, Plaintiff was caused to suffer severe personal injuries.

34.    As a direct and proximate result of the conduct of the Defendants, and each of them, as aforesaid, Plaintiff was injured and hurt in his health, strength and activity, sustaining injuries to his body, and shock and injury to his nervous systems

1822.0C

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1  and person, all of which said injuries have caused and continue to cause the

2  Plaintiff great physical, mental and nervous pain and suffering.  Plaintiff is

3  informed and believes, and thereon alleges, that said injuries will result in some

4  permanent disability, all to his general damages in an amount which will be stated

5  according to proof, which amount is in excess of Seventy-Five Thousand Dollars

6  ($75,000.00).

7

8  35.    As a direct and proximate result of the conduct of the Defendants, and each

9  of them, as aforesaid, the Plaintiff was compelled to and did employ the services of

10  hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and

11  did incur hospital, medical, professional and incidental expenses, and Plaintiff is

12  informed and believes, and thereon alleges, that by reason of his injuries, Plaintiff

13  will necessarily incur additional like expenses for an indefinite period of time in the

14  future, the exact amount of which expenses will be stated according to proof at time

15  of trial.

16

17  36.    As a direct and proximate result of the conduct of the Defendants, and each

18  of them, as aforesaid, Plaintiff was prevented from attending to his usual

19  occupation, and Plaintiff is informed and believes, and thereon alleges, that he will

20  thereby be prevented from attending to his usual occupation for a period of time in

21  the future, and thereby will also sustain a loss of earning capacity, in addition to lost

22  earnings, past, present and future; the exact amount of such losses is unknown to

23  Plaintiff at this time, and when said amounts are ascertained, the Plaintiff will ask

24  leave of court to amend this Complaint and allege said amounts according to proof

25  at time of trial.

26

27  37.    As a direct and proximate result of the conduct of the Defendants, and each

28  of them, as aforesaid, Plaintiff's property was damaged, and Plaintiff has thereby

1822.0C

sustained property damage in an amount as yet unascertained, and other economic
damage as a result of the property damage, and when said amounts are ascertained,
Plaintiff will ask leave of court to amend this Complaint and allege said amounts,
according to proof at time of trial.

## FORTH CAUSE OF ACTION

**(False Representation Under Restatement of Torts 2nd § 402(B) By Plaintiff
As Against All Defendants, including DOES 1 through 10, Inclusive)**

38.    Plaintiff re-alleges and incorporates herein by reference each and every
allegation and statement contained in the prior paragraphs.

39.    At the aforementioned time when Defendants, and each of them,
manufactured, designed, assembled, compounded, tested or failed to test, inspected
or failed to inspect, packaged, labeled, fabricated, constructed, analyzed,
distributed, serviced, merchandised, recommended, advertised, promoted, marketed
and sold the said Subject Prodcut, and its component parts and constituents, as set
forth herein above, Defendants, and each of them, expressly and impliedly
represented to members of the general public, including Plaintiff, that the Subject
Product and its component parts and constituents, was of merchantable quality and
safe for the use for which it was intended.

40.    Plaintiff relied upon said representations of Defendants, and each of them, in
the selection, purchase and use of said Subject Product.

41.    Plaintiff is informed and believes, and thereon alleges, that said
representations by Defendants, and each of them, were false and untrue, in that the
Subject Product was not safe for its intended use, nor was it of merchantable quality

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1  as represented by Defendants, and each of them, in that it had very dangerous

2  properties and defects that caused injury and damage to the users of said product,

3  including Plaintiff, thereby threatening the health and life of Plaintiff.

4

5  42.    Plaintiff is informed and believes, and herein alleges, that as a legal and

6  proximate result of said false representations by Defendants, and each of them,

7  Plaintiff sustained the injuries and damages complained of herein.

8

9  43.    As a direct and proximate result of the conduct of the Defendants, and each

10  of them, as aforesaid, Plaintiff was injured and hurt in his health, strength and

11  activity, sustaining injuries to his body, and shock and injury to his nervous systems

12  and person, all of which said injuries have caused and continue to cause the

13  Plaintiff great physical, mental and nervous pain and suffering.  Plaintiff is

14  informed and believes, and thereon alleges, that said injuries will result in some

15  permanent disability, all to his general damages in an amount which will be stated

16  according to proof, which amount is in excess of Seventy-Five Thousand Dollars

17  ($75,000.00).

18

19  44.    As a direct and proximate result of the conduct of the Defendants, and each

20  of them, as aforesaid, the Plaintiff was compelled to and did employ the services of

21  hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and

22  did incur hospital, medical, professional and incidental expenses, and Plaintiff is

23  informed and believes, and thereon alleges, that by reason of his injuries, Plaintiff

24  will necessarily incur additional like expenses for an indefinite period of time in the

25  future, the exact amount of which expenses will be stated according to proof at time

26  of trial.

27  //

28  //

1822.0C

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

45.    As a direct and proximate result of the conduct of the Defendants, and each of them, as aforesaid, Plaintiff was prevented from attending to his usual occupation, and Plaintiff is informed and believes, and thereon alleges, that he will thereby be prevented from attending to his usual occupation for a period of time in the future, and thereby will also sustain a loss of earning capacity, in addition to lost earnings, past, present and future; the exact amount of such losses is unknown to Plaintiff at this time, and when said amounts are ascertained, the Plaintiff will ask leave of court to amend this Complaint and allege said amounts according to proof at time of trial.

46.    As a direct and proximate result of the conduct of the Defendants, and each of them, as aforesaid, Plaintiff's property was damaged, and Plaintiff has thereby sustained property damage in an amount as yet unascertained, and other economic damage as a result of the property damage, and when said amounts are ascertained, Plaintiff will ask leave of court to amend this Complaint and allege said amounts, according to proof at time of trial.

## FIFTH CAUSE OF ACTION

### (Failure to Warn By Plaintiff As Against All Defendants, including DOES 1 through 10, Inclusive)

47.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

48.    Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant when Defendants, and each of them, manufactured designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted,

1822.0C

marketed, and sold the Subject Product, and all component parts thereof, the Subject Product was defective as a result of the Defendant's failure to give a clear, specific, and adequate warning by sign, label or otherwise as to said Subject Product's inherent dangers or the additional dangers caused by the defective condition of the Subject Product, thereby making the Subject Product unsafe for its intended purposes.

49.     As a legal and proximate result of the careless, negligent and reckless failure to warn by Defendants, and each of them, Plaintiff suffered the injuries and damages complained of herein.

50.     As a direct and proximate result of the conduct of the Defendants, and each of them, as aforesaid, Plaintiff was injured and hurt in his health, strength and activity, sustaining injuries to his body, and shock and injury to his nervous systems and person, all of which said injuries have caused and continue to cause the Plaintiff great physical, mental and nervous pain and suffering.  Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some permanent disability, all to his general damages in an amount which will be stated according to proof, which amount is in excess of Seventy-Five Thousand Dollars ($75,000.00).

51.     As a direct and proximate result of the conduct of the Defendants, and each of them, as aforesaid, the Plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that by reason of his injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the

PANISH, SHEA & BOYLE, LLP
1111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

1  future, the exact amount of which expenses will be stated according to proof at time

2  of trial.

3

4  52.    As a direct and proximate result of the conduct of the Defendants, and each

5  of them, as aforesaid, Plaintiff was prevented from attending to his usual

6  occupation, and Plaintiff is informed and believes, and thereon alleges, that he will

7  thereby be prevented from attending to his usual occupation for a period of time in

8  the future, and thereby will also sustain a loss of earning capacity, in addition to lost

9  earnings, past, present and future; the exact amount of such losses is unknown to

10  Plaintiff at this time, and when said amounts are ascertained, the Plaintiff will ask

11  leave of court to amend this Complaint and allege said amounts according to proof

12  at time of trial.

13

14  53.    As a direct and proximate result of the conduct of the Defendants, and each

15  of them, as aforesaid, Plaintiff's property was damaged, and Plaintiff has thereby

16  sustained property damage in an amount as yet unascertained, and other economic

17  damage as a result of the property damage, and when said amounts are ascertained,

18  Plaintiff will ask leave of court to amend this Complaint and allege said amounts,

19  according to proof at time of trial.

20

21

22

23

24

25

26  //

27  //

28  //

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

WHEREFORE, Plaintiff MITCHELL EGGERS, prays judgment against Defendants, and each of them, as follows:

1.    For general damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and according to proof;

2.    For hospital, medical, professional and incidental expenses, according to proof;

3.    For loss of earnings and loss of earning capacity, according to proof;

4.    For prejudgment interest, according to proof;

5.    For damages for Plaintiffs' property and economic damage related thereto, according to proof;

6.    For costs of suit incurred herein; and

7.    For such other and further relief as the Court may deem just and proper.

DATED:  January 31, 2008          PANISH, SHEA & BOYLE, LLP


Brian P. Panish
Kevin R. Boyle
Attorneys for Plaintiff

1822.0C

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all causes of action in the instant matter.

DATED:  January 31, 2008

PANISH, SHEA & BOYLE, LLP

Brian J. Panish
Kevin R. Boyle
Attorneys for Plaintiff

PANISH, SHEA & BOYLE, LLP
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CALIFORNIA 90025

1822.0C

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 147153    — SR

## February 01, 2008
## 14:43:17

## Civ Fil Non-Pris
USAO #.: 08CV0198 CIV. FIL.
Judge..: JEFFREY T MILLER
Amount.:                    $350.00 CK
Check#.: BC#207515


Total—> $350.00


FROM: EGGERS V. CAMPAGNOLO NORTH
      AMERICA, ET AL
      CIVIL FILING

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**BY FAX**

**I. (a) PLAINTIFFS**
Mitchell Eggers

**DEFENDANTS**
Campagnolo North America, Inc., a corporation, USA Bike and Sports, Inc., a corporation, and DOES 1 through 10, inclusive.

FILED
'08 FEB -1 PM 2:46
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  __Travis County__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   __Los Angeles__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Panish, Shea & Boyle, LLP
11111 Santa Monica Blvd.,
Suite 700
Los Angeles, CA 90025
310/477-1700

ATTORNEYS (IF KNOWN)
Unknown.

**'08 CV 0198 JM LSP**

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Negligence (product liability), strict products liability, breach of express and implied warranty, false represention, failure to warn, Jurisdiction is proper under 28 USC 1332

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removal from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 0.00    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE _____  Docket Number _____

DATE
February 1, 2008

SIGNATURE OF ATTORNEY OF RECORD

# 147153 JB350.

2/1/08

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CR