Guy R. Gruppie      (SBN 155437)
Gina E. Och         (SBN 170520)
Carolyn A. Mathews (SBN 137430)
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, 9th Floor
Los Angeles, California  90017-4613
Telephone:  (213) 623-7400
Facsimile:  (213) 623-6336
Email:   ggruppie@murchisonlaw.com
         goch@murchisonlaw.com
         cmathews@murchisonlaw.com

Attorneys for Defendant,
CAMPAGNOLO NORTH AMERICA, INC.,
a corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL EGGERS, an individual, | CASE NO. 08 CV 0198 JM LSP |
| Plaintiff, | **DEFENDANT CAMPAGNOLO NORTH AMERICA, INC.'S ANSWER TO COMPLAINT** |
| vs. | |
| CAMPAGNOLO NORTH AMERICA, INC., a corporation, B&L BIKE AND SPORTS, INC., a corporation, et al., | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | Judge:  Hon. Jeffrey T. Miller<br>Ctrm:   6 |

Defendant, CAMPAGNOLO NORTH AMERICA, INC., responds to the complaint of

plaintiff, MITCHELL EGGERS, for itself alone, and admits, denies and alleges as follows:

### JURISDICTION

1.      In answering paragraph 1, this answering defendant lacks sufficient information to

either admit or deny the allegations contained therein and, on that basis, generally and

specifically denies each and every allegation contained therein.

2.      In answering paragraph 2, this answering defendant lacks sufficient information to

either admit or deny the allegations contained therein and, on that basis, generally and

specifically denies each and every allegation contained therein, and respectfully refers all

questions of law to the Trial of this matter.

3.     In answering paragraph 3, this answering defendant lacks sufficient information to either admit or deny the allegations contained therein and, on that basis, generally and specifically denies each and every allegation contained therein, and respectfully refers all questions of law to the Trial of this matter.

4.     In answering paragraph 4, this answering defendant lacks sufficient information to either admit or deny the allegations contained therein and, on that basis, generally and specifically denies each and every allegation contained therein, and respectfully refers all questions of law to the Trial of this matter.

## VENUE

5.     In answering paragraph 5, this answering defendant denies each and every allegation contained therein.

## GENERAL ALLEGATIONS

6.     In answering paragraph 6, this answering defendant lacks sufficient information to either admit or deny the allegations contained therein and, on that basis, generally and specifically denies each and every allegation contained therein, and respectfully refers all questions of law to the Trial of this matter.

7.     In answering paragraph 7, this answering defendant lacks sufficient information to either admit or deny the allegations contained therein and, on that basis, generally and specifically denies each and every allegation contained therein, and respectfully refers all questions of law to the Trial of this matter.

8.     In answering paragraph 8, this answering defendant denies each and every allegation contained therein.

9.     In answering paragraph 9, this answering defendant lacks sufficient information to either admit or deny the allegations contained therein and, on that basis, generally and specifically denies each and every allegation contained therein, and respectfully refers all questions of law to the Trial of this matter.

08 CV 0198 JM LSP

**FIRST CAUSE OF ACTION**

**(Negligence (Products Liability) As Against Defendants CAMPAGNOLO**

**NORTH AMERICA, INC., B&L BIKE AND SPORTS, INC.**

**and Does 1 through 10, Inclusive)**

10.    In answer to the paragraph 10, this answering defendant repeats, reiterates and realleges each of the responses set forth in paragraphs 1 through 9 of this Answer to Complaint with the same force and effect as if they were set forth fully and at length herein.

11.    In answering paragraph 11, this answering defendant lacks sufficient information to either admit or deny the allegations contained therein and, on that basis, generally and specifically denies each and every allegation contained therein, and respectfully refers all questions of law to the Trial of this matter.

12.    In answering paragraph 12, this answering defendant denies each and every allegation contained therein as it relates or refers to CAMPAGNOLO NORTH AMERICA INC. and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 as to co-defendant, B&L BIKE AND SPORTS, INC. and respectfully refers all questions of law to the Trial of this matter.

13.    In answering paragraph 13, this answering defendant denies each and every allegation contained therein as it relates or refers to CAMPAGNOLO NORTH AMERICA INC. and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 as to co-defendant, B&L BIKE AND SPORTS, INC. and respectfully refers all questions of law to the Trial of this matter.

14.    In answering paragraph 14, this answering defendant denies each and every allegation contained therein as it relates or refers to CAMPAGNOLO NORTH AMERICA INC. and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 as to co-defendant, B&L BIKE AND SPORTS, INC. and respectfully refers all questions of law to the Trial of this matter.

15.    In answering paragraph 15, this answering defendant denies each and every allegation contained therein as it relates or refers to CAMPAGNOLO NORTH AMERICA

1  INC. and denies knowledge or information sufficient to form a belief as to the truth of the
2  allegations in paragraph 15 as to co-defendant, B&L BIKE AND SPORTS, INC. and
3  respectfully refers all questions of law to the Trial of this matter.

4        16.    In answering paragraph 16, this answering defendant denies each and every
5  allegation contained therein.

6        17.    In answering paragraph 17, this answering defendant denies each and every
7  allegation contained therein.

8        18.    In answering paragraph 18, this answering defendant denies each and every
9  allegation contained therein.

## SECOND CAUSE OF ACTION

### (Strict Products Liability As Against Defendants CAMPAGNOLO NORTH
### AMERICA, INC., B&L BIKE AND SPORTS, INC.
### and DOES 1 through 10, Inclusive)

15        19.    In answer to the paragraph 19, this answering defendant repeats, reiterates and realleges
16  each of the responses set forth in paragraphs 1 through 18 of this Answer to Complaint with the same
17  force and effect as if they were set forth fully and at length herein.

18        20.    In answering paragraph 20, this answering defendant denies each and every
19  allegation contained therein as it relates or refers to CAMPAGNOLO NORTH AMERICA
20  INC. and denies knowledge or information sufficient to form a belief as to the truth of the
21  allegations in paragraph 20 as to co-defendant, B&L BIKE AND SPORTS, INC. and
22  respectfully refers all questions of law to the Trial of this matter.

23        21.    In answering paragraph 21, this answering defendant denies each and every
24  allegation contained therein.

25        22.    In answering paragraph 22, this answering defendant denies each and every
26  allegation contained therein.

27        23.    In answering paragraph 23, this answering defendant denies each and every
28  allegation contained therein.

08 CV 0198 JM LSP

24.    In answering paragraph 24, this answering defendant denies each and every allegation contained therein.

25.    In answering paragraph 25, this answering defendant denies each and every allegation contained therein.

26.    In answering paragraph 26, this answering defendant denies each and every allegation contained therein.

27.    In answering paragraph 27, this answering defendant denies each and every allegation contained therein.

28.    In answering paragraph 28, this answering defendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

**(Breach of Express and Implied Warranties By Plaintiff As Against All Defendants, including Does 1 through 10, Inclusive)**

29.    In answer to the paragraph 29, this answering defendant repeats, reiterates and realleges each of the responses set forth in paragraphs 1 through 28 of this Answer to Complaint with the same force and effect as if they were set forth fully and at length herein.

30.    In answering paragraph 30, this answering defendant lacks sufficient information to either admit or deny the allegations contained therein and, on that basis, generally and specifically denies each and every allegation contained therein, and respectfully refers all questions of law to the Trial of this matter.

31.    In answering paragraph 31, this answering defendant denies each and every allegation contained therein.

32.    In answering paragraph 32, this answering defendant denies each and every allegation contained therein.

33.    In answering paragraph 33, this answering defendant denies each and every allegation contained therein.

//

08 CV 0198 JM LSP

34.     In answering paragraph 34, this answering defendant denies each and every allegation contained therein.

35.     In answering paragraph 35, this answering defendant denies each and every allegation contained therein.

36.     In answering paragraph 36, this answering defendant denies each and every allegation contained therein.

37.     In answering paragraph 37, this answering defendant denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### (False Representation Under Restatement of Torts 2nd § 402(B) By Plaintiff As Against All Defendants, including DOES 1 through 10, Inclusive)

38.     In answer to the paragraph 38, this answering defendant repeats, reiterates and realleges each of the responses set forth in paragraphs 1 through 37 of this Answer to Complaint with the same force and effect as if they were set forth fully and at length herein.

39.     In answering paragraph 39, this answering defendant lacks sufficient information to either admit or deny the allegations contained therein and, on that basis, generally and specifically denies each and every allegation contained therein, and respectfully refers all questions of law to the Trial of this matter.

40.     In answering paragraph 40, this answering defendant lacks sufficient information to either admit or deny the allegations contained therein and, on that basis, generally and specifically denies each and every allegation contained therein, and respectfully refers all questions of law to the Trial of this matter.

41.     In answering paragraph 41, this answering defendant denies each and every allegation contained therein.

42.     In answering paragraph 42, this answering defendant denies each and every allegation contained therein.

//

43.    In answering paragraph 43, this answering defendant denies each and every allegation contained therein.

44.    In answering paragraph 44, this answering defendant denies each and every allegation contained therein.

45.    In answering paragraph 45, this answering defendant denies each and every allegation contained therein.

46.    In answering paragraph 46, this answering defendant denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

### (Failure to Warn By Plaintiff As Against All Defendants,

### Including Does 1 Through 10, Inclusive)

47.    In answer to the paragraph 47, this answering defendant repeats, reiterates and realleges each of the responses set forth in paragraphs 1 through 46 of this Answer to Complaint with the same force and effect as if they were set forth fully and at length herein.

48.    In answering paragraph 48, this answering defendant denies each and every allegation contained therein.

49.    In answering paragraph 49, this answering defendant denies each and every allegation contained therein.

50.    In answering paragraph 50, this answering defendant denies each and every allegation contained therein.

51.    In answering paragraph 51, this answering defendant denies each and every allegation contained therein.

52.    In answering paragraph 52, this answering defendant denies each and every allegation contained therein.

53.    In answering paragraph 53, this answering defendant denies each and every allegation contained therein.

//

**AFFIRMATIVE DEFENSES**

By way of separate and affirmative defenses to plaintiff MITCHELL EGGERS' complaint, this answering defendant asserts and alleges the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

54.    As a first and separate affirmative defense to the complaint, this answering defendant alleges that each cause of action is barred by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

55.    As a second and separate affirmative defense to the complaint, this answering defendant alleges that plaintiff's complaint fails to state a claim upon which relief can be granted as against this answering defendant.

**THIRD AFFIRMATIVE DEFENSE**

56.    As a third and separate affirmative defense to the complaint, this answering defendant alleges that plaintiff and/or his agents acted negligently, recklessly, or intentionally in and about the matters alleged herein and to the extent that plaintiff seeks recovery for the alleged negligence, reckless, and/or intentional acts and/or omissions of this answering defendant, recovery should be offset to the extent of plaintiff's own negligent, reckless, and/or intentional actions and/or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

57.    As a fourth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiff's damages, if any, were proximately caused by the negligent, reckless, and/or intentional acts of third parties as to whom this answering defendant had neither the right nor the duty nor the opportunity to exercise control and who acted without the knowledge, participation, approval, or ratification of this answering defendant.

**FIFTH AFFIRMATIVE DEFENSE**

58.    As a fifth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiff is barred from recovering on each and every purported cause of action by reason of waiver.

1

### SIXTH AFFIRMATIVE DEFENSE

2    59.    As a sixth and separate affirmative defense to the complaint, this answering
3    defendant alleges that all of plaintiff's causes of action are barred because plaintiff and/or his
4    agents had the opportunity to and did fully inspect, approve, and accept the product in question
5    and its condition, and payment(s) was/were made pursuant to the terms and conditions of any
6    contract between said persons.

7

### SEVENTH AFFIRMATIVE DEFENSE

8    60.    As a seventh and separate affirmative defense to the complaint, this answering
9    defendant alleges that plaintiff could have, by the exercise of reasonable diligence, limited or
10    prevented his damages, if any, as a result of the alleged wrongful acts set forth in the complaint
11    and that he has failed or refused to do so.  Such failure or refusal on the part of plaintiff
12    constitutes a failure to mitigate his damages.

13

### EIGHTH AFFIRMATIVE DEFENSE

14    61.    As an eighth and separate affirmative defense to the complaint, this answering
15    defendant alleges that the damages allegedly sustained by plaintiff were the proximate result of
16    plaintiff's or others' misuse of the product or subsequent modification, repair, and/or
17    maintenance of the product involved.

18

### NINTH AFFIRMATIVE DEFENSE

19    62.    As a ninth and separate affirmative defense to the complaint, this answering
20    defendant alleges that it complied with all of the terms, conditions and requirements of any
21    contract, performed its obligations in a manner consistent with high quality, and at all times
22    acted in good faith.

23

### ELEVENTH AFFIRMATIVE DEFENSE

24    62.    As an eleventh and separate affirmative defense to the complaint, this answering
25    defendant alleges that the conduct of this answering defendant and the warnings, labeling,
26    instructions, and information of this product at all times complied with and conformed to
27    relevant and applicable statutes and regulations.

28    //

## TWELFTH AFFIRMATIVE DEFENSE

63.     As a twelfth and separate affirmative defense to the complaint, this answering defendant alleges that the losses and damages allegedly sustained by plaintiff, if any, were proximately caused by the intervening and superseding acts of others, which intervening and superseding acts bar and/or diminish plaintiff's recovery, if any, against this answering defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

64.     As a thirteenth and separate affirmative defense to the complaint, this answering defendant alleges that prior to and at the time of the sale herein, there was attached to the goods a conspicuous writing which clearly informed the buyer and/or the plaintiff, in simple and concise language, that the goods were being sold pursuant to a limited warranty which is limited to repair and replacement of conditions and/or components covered under the warranty; that the entire risk as to the quality and performance of the goods was with the buyer and/or plaintiff; and that should the goods prove defective following their purchase, the buyer and/or plaintiff, and not the manufacturer, distributor, or retailer, assumed the entire cost of all necessary servicing or repair.  As a result, this answering defendant effectively disclaimed any implied warranties, including, but not limited to, recovery of consequential damages, the implied warranty of merchantability and implied warranty of fitness for a particular purpose, and by that sale, plaintiff effectively waived any such warranty.

## FOURTEENTH AFFIRMATIVE DEFENSE

65.     As a fourteenth and separate affirmative defense to the complaint, this answering defendant alleges that any defect or nonconformity of which the plaintiff complains in this matter was proximately caused by the unauthorized or unreasonable use of the goods by the plaintiff following sale and delivery thereof by this answering defendant to plaintiff and/or buyer.

//

//

//

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2     66.    As a fifteenth and separate affirmative defense to the complaint, this answering

3 defendant alleges that that plaintiff's injuries, losses, and/or damages, if any, allegedly

4 sustained, were and are the result of an open, obvious, and apparent danger or condition which

5 was known to and recognized by the plaintiff, but who nevertheless knowingly, willingly,

6 intentionally, and voluntarily exposed himself to said danger or condition, thereby assuming the

7 risk of accident, injury, and damage.

8

## SIXTEENTH AFFIRMATIVE DEFENSE

9     67.    As a sixteenth and separate affirmative defense to the complaint, this answering

10 defendant alleges that that if plaintiff was injured by any product supplied by this answering

11 defendant, this answering defendant nonetheless did not breach any duty to plaintiff and it is not

12 liable for those injuries claimed because plaintiff is a knowledgeable user of the product.

13

## SEVENTEENTH AFFIRMATIVE DEFENSE

14     68.    As a seventeenth and separate affirmative defense to the complaint, this

15 answering defendant alleges that the risks, if any, associated with the subject product were

16 disclosed to plaintiff prior to plaintiff's use of this product.

17

## EIGHTEENTH AFFIRMATIVE DEFENSE

18     69.    As an eighteenth and separate affirmative defense to the complaint, this answering

19 defendant alleges that plaintiff failed to give notice to this answering defendant of any alleged

20 breach of warranty in the form and manner required by California Commercial Code § 2607.

21

## NINETEENTH AFFIRMATIVE DEFENSE

22     70.    As a nineteenth and separate affirmative defense to the complaint, this answering

23 defendant alleges that this answering defendant did not intentionally make any false or untrue

24 representations to the general public, including this plaintiff, about the product in question, nor

25 did it authorize or ratify any alleged false or untrue representations by any other defendant,

26 person, or entity.

27 //

28 //

     08 CV 0198 JM LSP

1

## TWENTIETH AFFIRMATIVE DEFENSE

2    71.    As a twentieth and separate affirmative defense to the complaint, this answering

3    defendant alleges that this Court lacks jurisdiction to adjudicate this controversy.

4

5    **WHEREFORE**, defendant CAMPAGNOLO NORTH AMERICA, INC. prays  that

6    judgment be entered in favor of defendant CAMPAGNOLO NORTH AMERICA, INC., and

7    against plaintiff MITCHELL EGGERS, that plaintiff, MITCHELL EGGERS takes nothing by

8    the complaint herein, and that defendant CAMPAGNOLO NORTH AMERICA, INC. has

9    judgment for its costs of suit incurred herein.

10

11    DATED: March 14, 2008                    **MURCHISON & CUMMING, LLP**

12

13                                    By:  s/ _Carolyn A Mathews_

                                         GUY R. GRUPPIE
14                                       GINA E. OCH
                                         ▶ CAROLYN A. MATHEWS
15                                       Attorneys for Defendant,
                                         CAMPAGNOLO NORTH AMERICA, INC.,
16                                       a corporation

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Marjorie K. DeJohnette, declare:

I am over the age of 18 years and not a party to the within-entitled action. I am employed in the County of Los Angeles, State of California, within which count ant state the subject service occurred. My business address is 801 South Grand Avenue, 9th Floor, Los Angeles, California.

The undersigned certifies that the foregoing document entitled **DEFENDANT CAMPAGNOLO NORTH AMERICA, INC.'S ANSWER TO COMPLAINT [DEMAND FOR JURY TRIAL]** was filed electronically in compliance with Local Rule 54(c). As such, said document was served on counsel identified on the attached Service List who are deemed to have consented to electric service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th day of March, 2008, at Los Angeles, California

s/_____Marjorie K. DeJohnette_____
MARJORIE K. DEJOHNETTE

13                                                    08 CV 0198 JM LSP

1

**SERVICE LIST**
**08 CV 0198 JM LSP**

2

3    Adam K. Shea, Esq.                                  Attorneys for Plaintiff,
     PANISH, SHEA & BOYLE, LLP                           Michell Eggers
4    11111 Santa Monica Boulevard, Suite 700
     Los Angeles, CA 90025
5    Telephone:   (310) 477-1700
     Facsimile:    (310) 477-1699
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    GRG\28385\PLD\ATC-031208-GEO