# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL EGGERS, | CASE NO. 08cv0198 JM(LSP) |
| Plaintiff, | ORDER DENYING MOTION TO TRANSFER |
| vs. | |
| CAMPAGNOLO NORTH AMERICA, INC.; B & L BIKE AND SPORTS, INC., | |
| Defendants. | |

Pursuant to 28 U.S.C. §1404(a), Defendant Campagnolo North America, Inc. ("Campagnolo") moves for a convenience transfer to the United States District Court, Southern District of Texas. Plaintiff Mitchell Eggers opposes the motion. B & L Bike and Sports, Inc. ("B & L") did not file a response to the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion for a convenience transfer is denied.

## BACKGROUND

Plaintiff, a resident of Austin, Texas, commenced this diversity jurisdiction action on February 1, 2008, alleging five causes of action for negligence, strict products liability, breach of express and implied warranty, false representation, and failure to warn. (Compl. ¶2). Plaintiff's claims arise from allegations that he was seriously injured on May 10, 2007 when he "was riding his 2006 Serotta Ottrott road racing bike he purchased from B & L for approximately $ 8,000." (Compl. ¶6). While he was riding, "the right Campagnolo chorus pedal axle of the [bicycle] suddenly and unexpectedly

1  broke loose causing Plaintiff to violently fall to the pavement suffering serious and permanent
2  injuries." Id.
3     Both Defendants Campagnolo and B & L are residents of the Southern District of California.
4  Campagnolo moves to transfer venue to the Southern District of Texas on grounds that Plaintiff
5  resides in that district, Plaintiff received medical care in that district, and percipient witnesses may
6  reside there. Plaintiff Eggers opposes the motion to transfer.

## DISCUSSION

8  Defendant Campagnolo moves to transfer this action to the Southern District of Texas.[1] Under
9  28 U.S.C. §1404(a), the court may transfer an action to any other district or division where it might
10 have been brought "[f]or the convenience of the parties and witnesses and in the interest of justice."
11 Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp, 820 F.Supp. 503, 506 (C.D. Cal. 1992).
12 A convenience transfer under §1404(a) requires the court to assess a variety of factors and "involves
13 subtle considerations and is best left to the discretion of the trial judge." Sparling v. Hoffman
14 Construction, 864 F.2d 635, 639 (9th Cir. 1988). The court may consider the convenience of the
15 parties and witnesses, and the promotion of judicial efficiency and economy in determining whether
16 to transfer an action. Id. Private factors to be considered include the location where the operative
17 events occurred, the convenience of the parties and non-party witnesses, the location of relevant
18 evidence, the availability of compulsory process, and other practical considerations for the efficient
19 and cost-effective resolution of claims. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834,
20 843 (9th Cir. 1986). Courts also look to the so-called public factors such as relative docket congestion,
21 the local public and jury pool's interest in the controversy, and issues relative to judicial economy.
22 Id. at 508-09. Defendant has the burden of demonstrating that transfer is appropriate, see Commodity
23 futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1981), and the court accords
24 substantial weight to a plaintiff resident's choice of venue. Securities investor Protection Corp. v.
25 Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). However, "[i]f the operative facts have not occurred
26 within the forum and the forum has no interest in the parties or subject matter," plaintiff's choice "is

---

28  [1] The parties do not dispute that venue under the general venue statute, 28 U.S.C. §1391, is appropriate in either this district or the Southern District of Texas.

1  entitled to only minimal consideration." Lou v. Belzerg, 834 F.2d 730, 739 (9th Cir. 1987).

2  Here, the court concludes that, on balance, a venue transfer is not warranted under the circumstances to promote the fair and efficient resolution of Plaintiffs' claims. The most important consideration, the convenience of parties and witnesses, does not clearly favor one district over the other. Campagnolo identifies the following convenience factors favoring transfer to the Southern District of Texas: Plaintiff is a resident of Austin; potential percipient witnesses to the accident likely reside in Austin; and Plaintiff's treating physicians likely reside in Austin.[2] Campagnolo also argues that jurors would not be able to visit the site where the accident occurred if trial is conducted in the present venue and that the "use and misuse of the pedals is central to Campagnolo's defense, and the observation of the environment in which the pedals were used will be paramount. Campagnolo's inability to present this evidence will be unduly prejudicial to its defense of this matter." (Reply at p.715-18).

On the other hand, Plaintiff disclaims that the present forum is inconvenient for him, all Defendants reside in this district, and the bicycle was purchased in this district.[3] Moreover, the present action involves allegations of a defective bicycle pedal and therefore the testimony of experts will likely play a critical role on the issue of liability at the time of trial. Even if the parties had identified the residence of potential experts, such a consideration is not a determinative. See Williams v. Bowman, 157 F.Supp.2d 1103, 1108 (N.D. Cal.2001) (the convenience of expert witnesses is given little weight). As potential expert witnesses may be located in practically any major metropolitan area, this factor does not favor either venue.

With respect to Campagnolo's argument that trial in this district would deprive it of the ability to compel the attendance of percipient and medical witnesses residing in Austin, Texas, the court notes that the Federal Rules of Civil Procedure and the Federal Rules of Evidence provide the procedural mechanism to introduce such testimony at the time of trial. Further, the parties are capable of coordinating discovery in such a manner to achieve an efficient and cost-effective result.

---

[2] With respect to these potential witnesses, the court notes that Campagnolo fails to specifically identify any witness or identify the nature of their anticipated testimony.

[3] The court notes that Campagnolo fails to present any evidence that B & L supports, or opposes, the proposed venue transfer.

1  The so-called public interest factors favor the present venue.  There is no evidence of each court's relative congestion and the present dispute in not the type of localized controversy over which this district has a predominant interest.  Further, the court notes that Campagnolo has significantly delayed bringing this motion to transfer venue. Plaintiff commenced this action on February 1, 2008 and Campagnolo filed its motion for change of venue on December 29, 2008.  While 28 U.S.C. §1401(a) does not contain a time period for seeking a convenience transfer, a motion to transfer should be brought as soon as the convenience becomes apparent.  SEC v. Savoy Industries, Inc., 587 F.2d 1149, 1156 (D.C. Cir. 1978).  Campagnolo correctly represents that it did not learn until April 10, 2008 that the accident occurred in Austin, Texas because the complaint is silent on the location of the accident. Campagnolo further represents that "counsel for the plaintiff has agreed to withdraws any timeliness argument relating to the four month period between August 25, 2008" and December 29, 2008. (Reply at p.10:3-6).  Here, it is not merely the passage of time but the extent of litigation that has already occurred in this district. During this period of time, the parties have engaged in substantial discovery; appeared before Magistrate Judge Papas for an early neutral evaluation on April 10, 2008 and again on September 9, 2008 for a settlement conference; and filed substantial motions before this court (including a motion to amend the complaint, motion to change venue, and motion for summary judgment).  The efficiencies sought to be achieved by a timely venue transfer are significantly undermined by the extent of litigation that has already occurred in this case. The public and timeliness factors favor venue in the present district.

The court concludes that a convenience transfer is not warranted under the circumstances.  On balance, the perceived efficiencies in any convenience transfer are significantly undermined by the extensive litigation history conducted by the parties in this judicial district.  The court concludes that Campagnolo fails to carry its burden that a convenience transfer is warranted.

In sum, the motion to transfer is denied.

**IT IS SO ORDERED.**

DATED:  February 9, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:	All parties